# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 13, 2008

Charles R. Fulbruge III
Clerk

No. 07-20665
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CESAR AGUIRRE-LOPEZ, also known as Juan Lopez-Reyes, also known as Antonio Leon Perez, also known as Cesar Reyes-Sanjuan

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CR-74-1

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:*

Cesar Aguirre-Lopez appeals the 46-month sentence imposed following his plea of guilty to unlawful reentry in violation of 8 U.S.C. § 1326. Aguirre-Lopez's sentence was within a properly calculated advisory guidelines range that was increased pursuant to U.S.S.G. § 2L1.2 as a result of Aguirre-Lopez's prior conviction for a crime of violence (COV).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Following United States v. Booker, 543 U.S. 220 (2005), we review a district court's sentencing decisions for reasonableness in light of the sentencing factors in 18 U.S.C. § 3553(a). Gall v. United States, 128 S. Ct. 586, 596-97 (2007). First, we consider whether the sentence imposed is procedurally sound. Id. at 597. Thereafter, we consider whether the sentence is substantively reasonable, using an abuse-of-discretion standard. Id. A sentence imposed within a properly calculated guideline range is entitled to a rebuttable presumption of reasonableness. Rita v. United States, 127 S. Ct. 2456, 2462 (2007); United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006).

Aguirre-Lopez first contends that Gall v. United States, 128 S. Ct. 586, 596 (2007), and Kimbrough v. United States, 128 S. Ct. 558 (2007), which issued after his sentencing, abrogated the rationale of previous Fifth Circuit decisions by broadening the district court's discretion to impose a nonguidelines sentence. He argues, therefore, that the sentencing court labored under a misconception that it could not sentence him below the Guidelines in the absence of "extraordinary circumstances" or based on the court's disagreement with guidelines policy. Because this theory was not argued in the district court, we review for plain error. See Campos-Maldonado, 531 F.3d 337, 339 (5th Cir.), petition for cert. filed (Aug. 20, 2008) (No. 08-5988). Nothing in the record suggests that the district court was constrained by this court's precedent from considering all of Aguirre-Lopez's arguments for a nonguidelines sentence. Accordingly, there was no plain error. See id.

Citing the Supreme Court's decisions in Kimbrough v. United States, 128 S. Ct. 558, 575 (2007), and Rita, 127 S. Ct. at 2462, Aguirre-Lopez next argues that the within-guidelines sentence imposed in his case should not be accorded a presumption of reasonableness. Aguirre-Lopez contends that the justification for applying a presumption of reasonableness in his case is undercut because U.S.S.G. § 2L1.2(b), the Guideline used to calculate his advisory sentencing

guidelines range, was not promulgated according to usual Sentencing Commission procedures and did not take into account "empirical data and national experience." Aguirre-Lopez portrays the Kimbrough decision as having "suggested" that the appellate presumption should not be applied to Guidelines that did not take account of this data and experience.

Our reading of Kimbrough does not reveal any such suggestion. The question presented in Kimbrough was whether "a sentence . . . outside the guidelines range is per se unreasonable when it is based on a disagreement with the sentencing disparity for crack and powder cocaine offenses." 128 S. Ct. at 564. Speaking specifically to the crack cocaine Guidelines, the Court simply ruled that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." Id. at 575. In Kimbrough, the Court said nothing of the applicability of the presumption of reasonableness. Moreover, the appellate presumption's continued applicability to § 2L1.2 sentences is supported by this court's decision in United States v. Campos-Maldonado, 531 F.3d 337, 338-39 (5th Cir. 2008), petition for cert. filed (Aug. 20, 2008) (No. 08-5988), which involved a similar challenge to § 2L1.2.

The appellate presumption is therefore applicable in this case. After reviewing for procedural errors and considering the substantive reasonableness of the sentence, we hold that Aguirre-Lopez's appellate arguments fail to establish that the presumption of reasonableness should not apply.

Finally, Aguirre-Lopez that the district court erred when it refused to grant him a one-month sentence credit to reflect the time he spent in the custody of immigration officials. Although a defendant is to be given credit toward his federal sentence for the time he spent in official detention prior to being received into federal custody that has not been credited against another sentence under 18 U.S.C. § 3585(b), a district court is not authorized to compute service credit

under § 3585. United States v. Wilson, 503 U.S. 329, 335 (1992); Leal v. Tombone, 341 F.3d 427, 428 (5th Cir. 2003). Rather, credit awards are to be made by the Attorney General through the Bureau of Prisons. Wilson, 503 U.S. at 335; Leal, 341 F.3d at 428. Accordingly, Aguirre-Lopez's argument that the district court erred in failing to award him a sentence credit are without merit.

Accordingly, the district court's judgment is AFFIRMED.