IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 23, 2008

Charles R. Fulbruge III
Clerk

No. 07-11216
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

KELLY FERNANDO MUNOZ

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:06-CR-176-1

Before DAVIS, GARZA and PRADO, Circuit Judges.

PER CURIAM:[*]

Kelly Fernando Munoz pleaded guilty to possession with intent to distribute more than 500 grams of cocaine. The district court sentenced him to 235 months of imprisonment, the top of the guidelines sentence range. Munoz appeals the sentence imposed by the district court.

We review a sentencing decision for reasonableness. United States v. Cisneros-Gutierrez, 517 F.3d 751, 764 (5th Cir. 2008). We must first ensure that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the district court did not commit procedural error. Id. If the sentencing was procedurally sound, we then consider the substantive reasonableness of the sentence using an abuse of discretion standard. Gall v. United States, 128 S. Ct. 586, 597 (2007).

Munoz argues that the district court erred by considering evidence presented at sentencing of which he did not have adequate notice and on which he did not have a reasonable opportunity to meaningfully comment in violation of FED. R. CRIM. P. 32 and his due process rights. Specifically, he asserts that he did not have adequate notice of the testimony of Fort Worth Police Department Officer Jerry Cedillo regarding threats allegedly made by Munoz's brothers to potential witnesses to his Munoz's drug trafficking activity and the entire testimony of Fort Worth Police Department Lieutenant Robert R. Rangel. He maintains that the evidence of the threats should not have been used to determine his sentence due to unfair surprise and that he should have been granted a continuance in order to meaningfully comment upon Lt. Rangel's testimony.

We review a district court's interpretation of, and compliance with, FED. R. CRIM. P. 32 de novo. United States v. Navarro, 169 F.3d 228, 235 (5th Cir. 1999). We review the denial of a motion for a continuance for an abuse of discretion. United States v. Barnett, 197 F.3d 138, 144 (5th Cir. 1999).

Contrary to Munoz's assertion, the substance of Lt. Rangel's testimony was disclosed to Munoz in the Government's response to his objections to the presentence report (PSR) well in advance of the sentencing hearing. Munoz's claims regarding Lt. Rangel's testimony are refuted by the record.

The district court allowed Munoz's counsel to cross-examine Officer Cedillo and comment upon his testimony as well as the findings in the PSR and the Addendum to the PSR. As the district court adopted the guidelines sentence range set forth in the PSR and sentenced Munoz within that range, the challenged testimony was not the basis of a sentence enhancement of which

Munoz did not have notice. Accordingly, Munoz has not shown that the district court violated FED. R. CRIM. P. 32 or his due process rights. See Irizarry v. United States, 128 S. Ct. 2198, 2203 (2008); Gray v. Netherland, 518 U.S. 152, 168 (1996). As the pertinent issue is whether Officer Cedillo's testimony caused the factual basis for Munoz's sentence to be an unfair surprise, the relevant question is whether the district court abused its discretion by denying Munoz's multiple motions for a continuance of sentencing. See Irizarry, 128 S. Ct. at 2203.

Officer Cedillo testified that at least two potential witnesses were afraid to testify against Munoz because they had been threatened by Munoz's brothers. On cross-examination, however, Munoz's counsel was able to elicit testimony from Officer Cedillo that Munoz's communications from jail were monitored and that there was no evidence that Munoz had directed anyone to threaten potential witnesses. Although Officer Cedillo's testimony regarding the threats allegedly made to potential witnesses was not previously disclosed to Munoz, the Government had previously disclosed that one potential witness was unwilling to testify against Munoz for safety reasons. Thus, Munoz did have notice that there was evidence that at least one witness feared testifying against him. While the district court stated that evidence that Munoz threatened potential witnesses or directed others to threaten potential witnesses could influence its sentencing decision, there is no indication in the record that this evidence did influence its sentencing decision. Accordingly, Munoz has not shown that the district court's denial of a continuance caused him serious prejudice or otherwise constituted an abuse of discretion. See Barnett, 197 F.3d at 144.

Munoz argues that the district court committed procedural error by not adequately explaining the reasons for the sentence it chose. Specifically, Munoz maintains that the district court failed to explain why it rejected the arguments Munoz made for a sentence at the low end of the guidelines range and did not indicate that it had considered certain mitigating factors set forth in the PSR.

The district court sentenced Munoz within the guidelines range. Accordingly, it was not required to provide a lengthy explanation for its sentence. See Rita v. United States, 127 S. Ct. 2456, 2468 (2007). Instead, the district court was only required to consider the arguments of the parties and show a reasoned basis for the sentence. See id.

The sole argument for a sentence at the low end of the guidelines range raised by Munoz at sentencing was his challenge to the reliability of the statements made by other drug traffickers regarding Munoz's drug trafficking activity. The district court explained that it found that the evidence of Munoz's drug trafficking activity was sufficiently reliable. The district court sufficiently considered the argument raised by Munoz. See id.

In pronouncing sentence, the district court explained that it had considered Munoz's offense conduct and the information contained in the PSR and the Addendum to the PSR. It stated that it had considered the statutory sentencing factors set forth at 18 U.S.C. § 3553(a) and determined that a sentence at the top of the guidelines range was necessary to achieve the § 3553(a) factors of punishment, deterrence, and the protection of the public. While the district court did not mention the factors set forth in the PSR that Munoz now argues were mitigating, Munoz did not raise these factors at sentencing and the factors cited by Munoz are not particularly mitigating. The district court's explanation was noticeably more detailed than the explanation given for a non-guidelines sentence that this court has found sufficient. See United States v. Bonilla, 524 F.3d 647, 657 (5th Cir. 2008), petition for cert. filed (Oct. 3, 2008) (No. 08-6668). Munoz has not shown that the district court's explanation of the sentence was insufficient. See Rita, 127 S. Ct. at 2468-69.

Munoz argues that the sentence was substantively unreasonable because the guidelines sentence range was greater than necessary to meet the requirements of § 3553(a), because of the mitigating factors found in the PSR, and because the Bureau of Prisons has interpreted the statute for good-time

credit more restrictively than the Sentencing Commission expected. Munoz acknowledges that this court ordinarily applies a presumption of reasonableness when reviewing a sentence within the guidelines range. See United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006). Citing Kimbrough v. United States, 128 S. Ct. 558, 574-75 (2007), however, he contends that his within-guidelines sentence is not entitled to a presumption of reasonableness because the drug offense guideline, U.S.S.G. § 2D1.1, is not supported by empirical research and may result in sentences greater than necessary in normal cases.

Contrary to Munoz's argument, the Kimbrough Court said nothing of the applicability of the presumption of reasonableness. In the instant case, the district court imposed a within-guidelines sentence, and there has been no finding by the district court that § 2D1.1 is flawed. While the Supreme Court did note that the drug trafficking guideline was based upon drug quantity and not empirical research, the Court held only that a district court may sentence a defendant outside of the guidelines range on the basis that it had determined that the guidelines range was flawed, not that the permissible appellate court presumption is inapplicable in drug trafficking cases. See Kimbrough, 128 S. Ct. at 564, 567, 571-76. This court has applied the presumption in drug trafficking cases. See, e.g., Alonzo, 435 F.3d at 552, 554-55. Munoz's reliance upon Kimbrough to challenge the appellate presumption is therefore misplaced, and he has failed to show that the presumption should not be applied. While there may have been some mitigating factors, Munoz has not shown that the sentence was unreasonable. See United States v. Gomez-Herrera, 523 F.3d 554, 565-66 (5th Cir. 2008), petition for cert. filed (July 2, 2008) (No. 08-5226).

AFFIRMED.