# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 20, 2009

Charles R. Fulbruge III
Clerk

No. 08-50471
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

BRADFORD ELMORE GOODMAN, also known as Gyypsy Goodman

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:07-CR-62-ALL

Before JONES, Chief Judge, and STEWART and OWEN, Circuit Judges.

PER CURIAM:[*]

Bradford Elmore Goodman appeals the 120-month sentence imposed following his guilty-plea conviction for possession of child pornography. He contends that his below-guidelines sentence is procedurally unreasonable because the district court did not give a sufficient explanation for the sentence. Because Goodman did not object to the explanation at sentencing, we review this contention for plain error. See United States v. Lopez-Velasquez, 526 F.3d 804,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

806 (5th Cir.), cert. denied, 2008 WL 2914331 (Dec. 1, 2008) (No. 08-5514)). The district court listened to the arguments of the parties and elected to impose a below-guidelines sentence, which was reduced to reflect the statutory maximum. See United States v. Gomez-Herrera, 523 F.3d 554, 565 (5th Cir.), cert. denied, 2008 WL 2754087 (Dec. 1, 2008) (No. 08-5226); see also Rita v. United States, 127 S. Ct. 2456, 2463-65, 2468 (2007). There was no clear or obvious error that affected Goodman's substantial rights or rendered the sentence procedurally unreasonable. See United States v. Izaguirre Losoya, 219 F.3d 437, 441 (5th Cir. 2000).

Goodman also contends that his sentence is substantively unreasonable because there is no empirical support for U.S.S.G. § 2G2.2, the Guideline governing child pornography. He did not challenge the empirical grounds for § 2G2.2 in the district court, so his contention is reviewed for plain error. See United States v. Campos-Maldonado, 531 F.3d 337, 339 (5th Cir.), cert. denied, 129 S. Ct. 328 (2008). Nothing in the record suggests that the district court disagreed with the policy behind the Guideline or believed that it was precluded by circuit precedent from imposing a lesser sentence in the face of § 2G2.2. Goodman has not shown plain error in this regard. Id.

Goodman argues that his sentence is substantively unreasonable because it is excessive in light of his offense conduct. The sentence imposed, however, is consistent with the properly calculated guidelines range, and we afford it a rebuttable presumption of reasonableness. See Rita, 127 S. Ct. at 2462; United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006). Goodman's disagreement with the harshness of the applicable guidelines and his contention that a lesser sentence would have been adequate are insufficient to demonstrate the substantive unreasonableness of his sentence.

AFFIRMED.