# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 30, 2010

Lyle W. Cayce
Clerk

No. 09-51056
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JONATHEN LOUIS KAVANAUGH, also known as Johnathan Lewis Kavanaugh, also known as Jonathan Kavanaugh, also known as Jonathan Luis Kavanaugh, also known as Louis Kavanaugh, also known as Desmond Townsend, also known as Jonathan Louis Kavanaugh,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:09-CR-34-1

Before BARKSDALE, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jonathen Louis Kavanaugh appeals the within-guidelines sentence of 151 months' imprisonment imposed following his guilty-plea conviction for possession with intent to distribute five grams or more of cocaine base. He contends: his sentence should not be afforded a presumption of reasonableness because the Sentencing Guidelines for crack cocaine are not based on empirical

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

data; and, the sentence was substantively unreasonable because the disparity in the Guidelines between crack cocaine and cocaine powder made it greater than necessary to comply with the objectives set forth in 18 U.S.C. § 3553(a).

Although post-*Booker*, the Sentencing Guidelines are advisory only, and an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard (if the issue is preserved in district court), the district court must still properly calculate the guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007). In that respect, its application of the guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

As noted, pursuant to *Gall*, we engage in a bifurcated review of the sentence imposed by the district court. *United States v. Delgado-Martinez*, 564 F.3d 750, 752 (5th Cir. 2009). First, we consider whether the district court committed a "significant procedural error". *Id.* at 753. If, as in this case, there is no such error, we then review the substantive reasonableness of the sentence imposed, as noted above, for an abuse of discretion. *Id.* at 751-53.

Kavanaugh relies on *Kimbrough v. United States*, 552 U.S. 85 (2007), for his contention that his within-guidelines sentence should not be presumed reasonable. This claim fails under our precedent. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 367 (5th Cir.) ("*Kimbrough* did not question the appellate presumption, . . . and its holding does not require discarding the presumption for sentences based on non-empirically-grounded Guidelines."), *cert denied*, 130 S. Ct. 192 (2009); *see also United States v. Munoz*, 304 F. App'x 321, 324 (5th Cir. 2008) (unpublished) (rejecting similar *Kimbrough*-based contention); *United States v. Gonzales-Camacho*, 301 F. App'x 314, 315-16 (5th Cir. 2008) (unpublished) (same). Therefore, Kavanaugh's sentence is presumed reasonable.

The district court explained its reasons for imposing the 151-month sentence in the light of the § 3553(a) factors.  These reasons included the seriousness of the offense; Kavanaugh's specific background; and the importance of a sentence's promoting respect for the law, providing just punishment, and affording an adequate deterrent.  In sum, the district court carefully considered Kavanaugh's sentence, and he has not shown it to be unreasonable.

AFFIRMED.