# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 22, 2011

No. 10-20408
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE SALAZAR-MARTINEZ, also known as Jose Salazar, also known as Jose Daniel Salazar, also known as Jose Daniel Salazar Martinez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CR-19-1

Before GARWOOD, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jose Salazar-Martinez (Salazar) appeals the 56-month sentence imposed for illegal reentry after deportation following an aggravated felony conviction. 8 U.S.C. § 1326(a), (b)(2). Salazar does not argue that the district court committed any procedural error, and we need only review the substantive reasonableness of the sentence. *See United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008). "Regardless of whether the sentence imposed is inside or outside

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-20408

the Guidelines range, the appellate court must review the sentence under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007). "If the sentence is within the Guidelines range, the appellate court may, but is not required to, apply a presumption of reasonableness." *Id.* (citing *Rita v. United States*, 551 U.S. ____, 127 S.Ct. 2456 (2007)).[1]

Salazar does not dispute that his prior arson conviction supported the application of the 16-level crime of violence enhancement in § 2L1.2(b)(1)(A)(ii) in his case, but he argues that the resulting guideline range over-represented the seriousness of his prior offense and his future dangerousness. He notes that

---

[1]We note the possibility that the sentence might not be considered as one "within the Guidelines range." The PSR calculated the guideline range as 57 to 71 months – a calculation that is unchallenged and which we determine to be correct – and at sentencing the district court stated that "[t]he presentence report and all addendums are hereby adopted by this Court." After argument by defense counsel and some remarks by the court, Government counsel argued, concluding with the statement that: "I recommend a sentence at the low end of the advisory guidelines with one month credit for the time the defendant spent in ICE custody." Shortly thereafter the court pronounced sentence, stating in relevant part: "I've considered the guidelines and find that – I find that a sentence within the guidelines takes into account the purposes of 18 United States Code, Section 3553(a). I will sentence at the low end of the guidelines plus one month that he was in custody or one month credit. The defendant is hereby committed to the custody of the Bureau of the Prisons to be imprisoned for a term of 56 months." The written judgment of conviction states: "The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 56 months. This term consists of FIFTY-SIX (56) MONTHS as to Count 1. This sentence is not a departure from the Sentencing Guidelines and provides for a 1-month credit for time served in the custody of Immigration and Customs Enforcement (ICE) that would otherwise not be credited by the Bureau of Prisons."

There has been no objection, here or below, to the one month "credit" for pretrial ICE custody or to the sentence being 56 instead of 57 months. We assume, arguendo only, that the district court was not authorized to give credit for the ICE custody as that was solely up to the Bureau of Prisons, *see Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003); *United States v. Aguirre-Lopez*, 299 Fed. App'x 395, 2008 WL 4888533 (5th Cir. 2008), and that the 56 month sentence was not within the guidelines range solely because it was one month below the bottom of the applicable 57 to 71 month range. Nevertheless, in this appeal where the sole contention is that the 56 month sentence is substantively unreasonable because it is excessive, we hold that even thus being one month below the guideline range, it is appropriate for us to afford the sentence the rebuttable presumption of substantive reasonableness authorized by *Rita. See United States v. Goodman*, 307 Fed. App'x 811, 2009 WL 122558 (5th Cir. 2009). Any other result would be wholly illogical.

2

he committed the arson offense by setting fire to his own home upon discovering that his wife had deserted him and taken his children with her.

The district court observed that the firefighters responding to the incident could have been hurt, and the court noted that Salazar's criminal history included convictions for driving while intoxicated and forgery. In addition, the district court expressed concern that Salazar had also previously been deported through voluntary departure six times. The record demonstrates that the district court considered the 18 U.S.C. § 3553(a) factors, including the specific concerns that Salazar now raises, to determine that a sentence one month below the bottom of the guideline range was sufficient but not greater than necessary to achieve the goals of § 3553(a). "The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51.

AFFIRMED.[2]

---

[2] Salazar briefly makes reference (in a footnote to his brief) to the contention that a presumption of reasonableness should not apply to U.S.S.G. § 2L1.2 because it is "penologically flawed" and "was not the result of empirical evidence or study," stating that he "preserves for possible further review his contention" in this respect, but recognizes that we have rejected that contention in *United States v. Mondragon-Santiago*, 564 F.3d 357, 367 (5th Cir.), *cert. denied*, 130 S.Ct. 192 (2009). We see no reason to depart from that decision. *See also, United States v. Aguirre-Lopez, supra.*