# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 6, 2011

Lyle W. Cayce
Clerk

No. 10-40502
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN CONTRERAS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:02-CR-562-4

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Juan Contreras appeals his sentence, which was imposed pursuant to a resentencing hearing in 2010. In 2003, Contreras was convicted of one count of conspiracy to possess with the intent to distribute more than 1,000 kilograms of marijuana, two counts of possession with intent to distribute 100 kilograms or more of marijuana, and two counts of carrying a firearm during the commission of a drug-trafficking offense. He was sentenced to 652 months in prison. After Contreras's conviction and sentencing, the United States Supreme Court decided

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-40502

*United States v. Booker*,[1] and Contreras's co-defendants mounted successful challenges to their sentences on the basis of that decision. Contreras's conviction and sentence were affirmed, however, because his attorney failed to bring a *Booker* claim on appeal.[2] Contreras therefore brought a claim of ineffective assistance of counsel under 28 U.S.C. § 2255, and the district court granted relief.[3] In May 2010, it resentenced Contreras to concurrent 120 month terms for his drug convictions, a consecutive 60 month term for the first firearm offense, and a consecutive 300 month term for the second firearms offense. This amounted to a total imprisonment period of 480 months, instead of the original 652 month sentence.

On appeal, Contreras challenges the reasonableness of his new sentence. When reviewing such a challenge, this court follows a two-step approach. First, we consider "whether the district court committed a procedural error,"[4] such as "miscalculating or failing to calculate the sentencing range under the Guidelines, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence – including an explanation for any deviation from the Guidelines range."[5] This review is for abuse of discretion.[6] If the appellant raises his procedural objections for the first time on appeal, however, this court

---

[1] 543 U.S. 220 (2005).

[2] *United States v. Jimenez*, 509 F.3d 682 (5th Cir. 2007), *cert. denied*, 553 U.S. 1101 (2008).

[3] *Contreras v. United States*, 682 F. Supp.2d 771 (S.D. Tex. 2010).

[4] *United States v. Valencia*, 600 F.3d 389, 433 (5th Cir.), *cert. denied*, 131 S.Ct. 285 (2010).

[5] *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir.), *cert. denied*, 130 S.Ct. 192 (2009).

[6] *United States v. Lopez-Velasquez*, 526 F.3d 804, 806 (5th Cir.), *cert. denied*, 129 S.Ct. 625 (2008).

will only grant relief upon a showing of plain error.[7]  In such a case, the appellant must show that the district court's error was clear and obvious, and that it affected his substantial rights.[8]  Furthermore, this court has the discretion to correct such an error only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings."  If there was no procedural error, this court then "engages in a substantive review [of the challenged sentence] based on the totality of the circumstances."[9] [10]

Contreras identifies several procedural errors allegedly committed by the district court during his resentencing.  He contends that the court incorrectly calculated his sentencing guideline range, failed to rule on his role reduction and downward departure motions, and did not give sufficiently specific explanations for its decision to impose a sentence that varied from the guidelines range.  In addition, Contreras argues that the court failed to follow the procedural steps required by Amendment 741 of the Sentencing Guidelines.  Because Contreras failed to object to any of these alleged procedural errors below, we review only for plain error.[11]  None of Contreras's arguments meet this standard.

The district court heard oral argument on each one of Contreras's arguments for a lower sentence.  It ultimately imposed the mandatory minimum sentence of 120 months for his drug offenses, which fell below the guideline range.  At the sentencing hearing and in its written Statement of Reasons, the court provided extensive explanations for its decision.  These included discussions of several 18 U.S.C. § 3553(a) factors, the circumstances of the

---

[7] *Id.*

[8] *Mondragon-Santiago*, 564 F.3d at 361; *see also United States v. Olano*, 507 U.S. 725, 734 (1993) ("'Plain' is synonymous with 'clear' or, equivalently, 'obvious.'").

[9] *Id.*

[10] *United States v. Mares*, 402 F.3d 511, 520 (5th Cir. 2005) (quoting *United States v. Cotton*, 535 US. 625, 631 (2002)).

[11] *Lopez-Velasquez*, 526 F.3d at 806.

offense, Contreras's lack of criminal history, his good behavior, his mitigating arguments, his low likelihood of recidivism, and the need to avoid unwarranted disparity in sentencing. Such a detailed explanation fulfilled the district court's responsibility to justify its sentence and departure from the guidelines using specific facts of the case and § 3553(a) factors.[12] Although the district court did not explicitly rule on Contreras's motions for a lower sentence, it discussed Contreras's arguments in explaining how it calculated the sentence. Thus, Contreras's claims that the court failed to consider these issues and to adequately explain the sentence are without merit or factual support.

Contreras's contention that the district court erred by failing to enunciate a guidelines range during sentencing is similarly without merit. In its written Statement of Reasons, the district court adopted the findings and conclusions of the Presentence Report ("PSR"), including its proposed guidelines range of 292 to 365 months. In doing so, the court implicitly rejected Contreras's arguments and motions for a lower range. Contreras's second argument regarding the guidelines range – that the PSR miscalculated the offense level – is similarly unavailing. Contreras was arrested with cocaine as well as marijuana in his possession. Although he was only charged for the marijuana, the PSR took account of the cocaine in calculating the base offense level. Contreras challenged this decision in his previous appeal. This court rejected his argument, holding that "the district properly could have found the uncharged cocaine to be relevant conduct."[13] Under the law of the case doctrine, Contreras cannot now relitigate this issue.[14] Exceptions to this doctrine allow reexamination only if "(i) the evidence on a subsequent trial was substantially different, (ii) controlling

---

[12] *See United States v. Rodriguez*, 523 F.3d 519, 252–26 (5th Cir. 2008); *United States v. Rajwani*, 476 F.3d 243, 250–51 (5th Cir. 2007); *United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006).

[13] *Jimenez*, 509 F.3d at 693–94.

[14] *United States v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002).

No. 10-40502

authority has since made a contrary decision of the law applicable to such issues, or (iii) the decision was clearly erroneous and would work a manifest injustice."[15] Contreras has presented no evidence that any of these exceptions apply. Therefore, he has not shown that the district court committed plain error in adopting the sentencing guidelines provided by the PSR.

Finally, the district court did not commit plain error by failing to follow the procedural requirements of Amendment 741 of the Sentencing Guidelines. The district court must apply the Guidelines version in effect at the time of sentencing.[16] Amendment 741 was not in effect at the time of Contreras's sentencing proceeding and has not been made retroactively applicable. Thus, the court's alleged failure to follow the procedural steps outlined in that amendment was not clear and obvious error.

In the alternative, Contreras argues that his sentence should be reversed because it was substantively unreasonable. A sentence that is consistent with the guidelines range is presumptively reasonable in this Circuit.[17] In order to rebut that presumption, the appellant must show that "the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors."[18]

Contreras rests his claim of substantive unreasonableness on the contention that his sentence was disparate with that of his codefendant Benito

---

[15] *United States v. Becerra*, 155 F.3d 740, 752–53 (5th Cir. 1998).

[16] 18 U.S.C. § 3553(a)(4)(ii); *see also United States v. Randall*, 2011 WL 3862862, *4 n. 6 (5th Cir.).

[17] *Mondragon-Santigao*, 564 F.3d at 360. This court has also applied that presumption to sentences below the guidelines range. *See, e.g.*, *United States v. Murray*, No. 09-20813, 2011 WL 313305 at *6 (5th Cir. July 27, 2011); *United States v. Salazar-Martinez*, 413 Fed. Appx. 733, 733 n. 1 (5th Cir. 2011); *United States v. Goodman*, 307 Fed. Appx. 811, 812 (5th Cir. 2009).

[18] *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

Villarreal.  He points out that he received an aggregate sentence of 480 months, while Villarreal received an aggregate sentence of only 120 months.  The district court explicitly took into account this disparity when it explained why it was imposing a below-guidelines sentence.  Therefore, the district court did not fail to give weight to this factor.  Furthermore, 360 months of Contreras's sentence are attributable to his conviction for firearms offenses on two counts.  In contrast, Villarreal was charged on only one gun count and acquitted.  120 months was also the lowest sentence that the court could impose by statute for Contreras's drug conviction.[19]  Consequently, Contreras has failed to demonstrate that the district court imposed a substantively unreasonable sentence against him.

Accordingly, the judgment of the district court is AFFIRMED.

---

[19] *See* 21 U.S.C. § 841(b)(1)(A).