United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 19, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-40044
Summary Calendar
_____

RAMSEY LEAL,

       Petitioner-Appellant,

                  versus

JOHN M. TOMBONE, Warden,

       Respondent-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Texas

_____

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:

    Ramsey Leal, federal prisoner # 76738-079, appeals the
district court's denial of his *pro se* 28 U.S.C. § 2241 petition.
Leal has argued that federal authorities have violated his due
process rights by failing to credit his federal sentence with
approximately nine months during which he was incarcerated in state
prison between November 1998 and August 1999.  He has asserted that
this violated the state sentencing court's order that his five-year
state sentence run concurrently with his five-year federal sentence

and that he serve the sentences at a federal correctional facility. Leal was not received at his designated federal prison for service of his federal prison term until August 5, 1999.

The Attorney General, through the Bureau of Prisons (BOP), determines what credit, if any, will be awarded to prisoners for time spent in custody prior to the commencement of their federal sentences.[1] A federal sentence begins to run on the date that a "defendant is received into custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which sentence is to be served."[2] A defendant is to be given credit toward his term of federal imprisonment for any time he spent in official detention prior to the commencement of his sentence "that has not been credited against another sentence."[3]

Leal has not demonstrated that the U.S. Marshals Service was legally obligated to deliver him to federal prison for the service of concurrent sentences ordered by the state court. Although we have not specifically addressed contentions like Leal's in a published decision, other federal courts have rejected similar arguments. In *Del Guzzi v. United States*, a federal defendant pleaded guilty in August 1985 to counterfeiting charges and was

---

[1] *See United States v. Wilson*, 503 U.S. 329, 331-32, 334 (1992); 18 U.S.C. § 3585(b).

[2] 18 U.S.C. § 3585(a).

[3] § 3585(b).

2

sentenced to five years in federal prison.[4]  The federal court ordered Del Guzzi to self-surrender the following month but, one week before he was due to do so, he was arrested and charged with a state drug violation.[5]  Del Guzzi pleaded guilty and was sentenced to a seven-year state prison term, to run concurrently with the five-year federal term.[6]  The state court recommended that Del Guzzi be transported to federal prison to serve his concurrent terms.[7]  Federal marshals declined to transport him to federal prison, however, "apparently on the ground that they would take custody of Del Guzzi only upon completion of his state sentence."[8] Del Guzzi did not complete his state prison term until April 1989, more than three years later, whereupon he was immediately accepted into federal custody.[9]

In his § 2241 petition, Del Guzzi argued that his federal sentence should be credited for the time he served in state confinement, both because he was "awaiting transportation" to the place where his federal sentence was to be served within the meaning of the former § 3568 and because the federal courts had the

---

[4] 980 F.2d 1269, 1270 (9th Cir. 1992).

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

authority to credit him for the state prison time.[10]  The Ninth Circuit rejected these contentions.  First, it reasoned that "[t]he state sentencing judge had no authority to commit Del Guzzi to the state prison to await transportation to the federal prison where he was to serve his sentence."[11]  Although the state judge indicated that Del Guzzi should serve his state sentence concurrently in federal prison, "his authority was limited to sending Del Guzzi to state prison to serve his state sentence."[12]  Moreover, federal courts have "no authority to violate the statutory mandate that federal authorities need only accept prisoners upon completion of their state sentence and need not credit prisoners with time spent in state custody."[13]

---

[10] *Id.* at 1270-71.

[11] *Id.* at 1270.

[12] *Id.*

[13] *Id.* at 1271.  In the recent *Taylor v. Sawyer*, the Ninth Circuit rejected a claim similar to Del Guzzi's and quoted language from the concurrence in *Del Guzzi*, which stated:

> Federal prison officials are under no obligation to, and may well refuse to, follow the recommendation of state sentencing judges that a prisoner be transported to a federal facility. Moreover, concurrent sentences imposed by state judges are nothing more than recommendations to federal officials.  Those officials remain free to turn those concurrent sentences into consecutive sentences by refusing to accept the state prisoner until the completion of the state sentence and refusing to credit the time the prisoner spent in state custody.

284 F.3d 1143 (9th Cir. 2002), *cert. denied*, 123 S. Ct. 889 (2003) (quoting *Del Guzzi*, 980 F.3d at 1272-73 (Norris, J., concurring)).

In *Bloomgren v. Belaski* the Tenth Circuit similarly rejected a § 2241 petitioner's claim that he was entitled to federal sentencing credit for time spent in state prison.[14] Bloomgren had been convicted on federal charges and was out on a federal appeal bond when he was arrested and charged by state authorities.[15] He was convicted in state court, and the state sentencing judge ordered that Bloomgren's state sentences run concurrently with time to be served on his federal convictions.[16] However, federal authorities refused to take Bloomgren into custody until he finished serving his state sentence.[17] The Tenth Circuit held that, despite the state court's intentions, Bloomgren was not entitled to federal sentencing credit for the time he spent in state prison.[18] It reasoned, "[t]he determination by federal authorities that Bloomgren's federal sentence would run consecutively to his state sentence is a federal matter which cannot be overridden by a state court provision for concurrent sentencing on a subsequently-obtained state conviction."[19]

---

[14] 948 F.2d 688, 690-91 (10th Cir. 1991).

[15] *Id.* at 690.

[16] *Id.*

[17] *Id.* at 691.

[18] *Id.*

[19] *Id.* Other courts have reached similar results in similar circumstances. *See Jake v. Herschberger*, 173 F.3d 1059, 1066 (7th Cir. 1999) ("The state court's designation of [the defendant's]

Although Leal's state conviction was not subsequently obtained, the state court order for concurrent sentencing post-dated the federal conviction and sentence in this case. He is contending, in contravention of the decisional authority of several other circuits, that the U.S. Marshals Service was required to comply with the state trial court's order that Leal be taken to a federal prison to serve out his concurrent state sentence. He has cited no binding legal authority mandating such a result. Because the nine months he spent in state custody between November 1998 and August 1999 were "credited against another sentence,"[20] the BOP was not required to credit that time toward his federal sentence. Accordingly, the judgment of the district court is AFFIRMED.

_____

state sentence as concurrent with his prior federal sentence created no obligation on the Attorney General to provide him with credit for time served in the state prison."); *Pinaud v. James*, 851 F.2d 27, 30 (2d Cir. 1988) (reasoning that the defendant cannot, through agreement with state authorities, compel the federal government to grant a concurrent sentence). Leal relies on *Buggs v. Crabtree*, 32 F. Supp. 2d 1215, 1220-21 (D. Or. 1998), which held that the BOP was obliged to credit a prisoner for time spent in state prison when the state courts had ordered concurrent sentences. The court in *Buggs* acknowledged the holding in *Del Guzzi* but failed to distinguish it. *See id.* at 1221. The *Buggs* court also relied on *Shabazz v. Carroll*, 814 F.2d 1321, 1323-24 (9th Cir. 1987), in which the Ninth Circuit held that federal authorities were required to grant federal sentencing credit for state incarceration on a concurrent sentence ordered by a state court. The portion of *Shabazz* relating to sentencing credit was vacated on panel rehearing, however, because the court determined it lacked jurisdiction to grant that relief. *Shabazz v. Carroll*, 833 F.2d 149, 149 (9th Cir. 1987).

[20] *See* § 3585(b).

Leal's motion for appointment of counsel, deferred by the district court, is DENIED.