United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 18, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-50818
Summary Calendar
_____

SERENTO CASTRO FLORES,

                    Petitioner-Appellant-Cross-Appellee,

versus

DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

                    Respondent-Appellee-Cross-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:03-CV-299
--------------------

Before JOLLY, HIGGINBOTHAM, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Serento[**] Flores Castro ("Flores"), who is currently

incarcerated as a state prisoner in Texas (# 925694), has filed a

motion for a certificate of appealability ("COA") and a motion to

proceed in forma pauperis ("IFP") on appeal from the district

court's denial of his habeas corpus petition, purportedly filed

pursuant to 28 U.S.C. § 2254 but construed by the district court

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

    [**] Although this spelling of Flores's first name appears on
the court's docket sheet, "Serenio" also appears in the record
and appears to be the correct spelling.

as sounding under 28 U.S.C. § 2241. Flores is serving a seven-year state prison term for aggravated assault on a public servant, a sentence that is running concurrently with several other state sentences. Three days before these state sentences were handed down, Flores had been sentenced in federal district court to 77 months in prison and three years of supervised release, after having pleaded guilty to illegal re-entry, a violation of 8 U.S.C. § 1326. The state court's sentencing order stated that his state sentences were to run concurrently with the federal sentence.

The district court properly treated Flores's petition as seeking relief under 28 U.S.C. § 2241, because Flores argued therein that the Federal Bureau of Prisons ("BOP") was failing to credit his federal sentence with the time he had spent in state prison, which he maintained was required by the state judge's concurrent-sentencing order. See Davis v. Fechtel, 150 F.3d 486, 487 (5th Cir. 1998) (court may liberally construe pro se pleading, where appropriate, as habeas corpus petition). He also complained that federal authorities had failed to deliver him to federal prison to serve his federal sentence. Because Flores is primarily attacking the execution of his federal sentence, he claims fall under 28 U.S.C. § 2241 rather than 28 U.S.C. § 2254. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001). Because a prisoner does not need a COA to appeal the denial of

relief under 28 U.S.C. § 2241, Flores's application for a COA is DENIED as unnecessary.

To proceed IFP on appeal, Flores must show both that he is economically eligible and that his appeal raises a nonfrivolous issue. See Jackson v. Dallas Police Dep't, 811 F.2d 260, 261 (5th Cir. 1986). Although Flores's financial affidavit and inmate trust account statement reflect that he is financially eligible to proceed IFP, he has not established that his appeal will raise a nonfrivolous issue. No binding legal authority requires the federal BOP or the United States Attorney General to comply with a state court's sentencing order that his federal sentence run concurrently with his state sentences, and no authority requires federal marshals to immediately deliver a federal prisoner to a federal facility for the service of his sentence.[***] See Leal v. Tombone, 341 F.3d 427, 429-30 (5th Cir. 2003). Because Flores's appeal does not present a nonfrivolous issue, his motion to proceed IFP on appeal is DENIED. Flores's appeal is without arguable merit, see Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983), and it is DISMISSED as frivolous. 5TH CIR. R. 42.2.

---

[***] To the extent that Flores argues that his state trial attorneys performed ineffectively by convincing him to enter into the plea agreement in state court, based on a promise that his state sentences would run concurrently with his federal sentence, that claim is raised for the first time in Flores's COA application and need not be considered by this court. See Whitehead v. Johnson, 157 F.3d 384, 387-88 (5th Cir. 1998).

Respondent Dretke has filed a cross-appeal in which he seeks to challenge the district court's denial, as moot, of his motion to be dismissed as party respondent. Although the district court should have required Flores to amend his petition to name the proper federal custodian, its failure to cure what amounted to a mere procedural defect, see West v. State of La., 478 F.2d 1026, 1029-30 (5th Cir. 1973), renders it unnecessary to consider Dretke's cross-appeal. See, e.g., Singleton v. Guangzhou Ocean Shipping Co., 79 F.3d 26, 28 (5th Cir. 1996). Dretke's cross-appeal is therefore DISMISSED as moot.

COA DENIED AS UNNECESSARY; IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS; CROSS-APPEAL DISMISSED AS MOOT.