**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 18, 2009

Charles R. Fulbruge III
Clerk

No. 08-30078
Conference Calendar

TERRELL DEVON WILLIAMS

Petitioner-Appellant

v.

JOE YOUNG

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:07-CV-485

Before HIGGINBOTHAM, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Terrell Devon Williams, federal prisoner # 28396-018, has moved to proceed in forma pauperis (IFP) in his appeal of the district court's denial of relief on his 28 U.S.C. § 2241 petition. A movant for leave to proceed IFP on appeal must show that he is a pauper and that the appeal is taken in good faith. *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Williams was sentenced in the Middle District of Florida to a 42-month term of imprisonment for making a false statement to a federally insured financial institution. He was also sentenced by the Florida district court to two 15-month sentences, which were imposed due to the revocation of his terms of supervised release. All sentences run consecutively.

Williams acknowledges that he was given credit for 208 days, which represents the time he was detained prior to the commencement of his sentence. He argues, however, that he was entitled to 208 days of credit toward each of his three sentences for the time he was detained prior to sentencing.

The Attorney General, through the Bureau of Prisons (BOP), determines what credit, if any, will be awarded to prisoners for time spent in custody prior to the start of their sentences. *United States v. Wilson*, 503 U.S. 329, 331-32, 334 (1992); *see also Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003). The BOP was required to treat Williams's multiple terms of imprisonment as a single, aggregate term of imprisonment. *See* 18 U.S.C. § 3584(c). As Williams acknowledges, he received 208 days of credit toward his aggregate term of 72 months of imprisonment. Williams is not entitled to credit toward each individual sentence. *See* 18 U.S.C. § 3585(b).

Williams has not shown that his appeal presents a nonfrivolous issue. Accordingly, his IFP motion is denied, and his appeal is dismissed as frivolous. *See Carson*, 689 F.2d at 586; 5TH CIR. R. 42.2. Williams's motion for the appointment of counsel is denied. *See Schwander v. Blackburn*, 750 F.2d 494, 502 (5th Cir. 1985).

IFP MOTION DENIED; MOTION FOR APPOINTMENT OF COUNSEL DENIED; APPEAL DISMISSED.