**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 18, 2009[*]
Decided March 24, 2009

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 08-2560

| | |
|---|---|
| HAROLD LEROY FISHER, JR., *Petitioner-Appellant*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 07-cv-00639-bbc |
| CAROL HOLINKA, *Respondent-Appellee.* | Barbara B. Crabb, *Chief Judge*. |

**O R D E R**

Federal inmate Harold Fisher, Jr., claims in this action under 28 U.S.C. § 2241 that he is confined unlawfully because the Bureau of Prisons miscalculated his federal sentence by

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

denying him credit for time spent serving an unrelated state sentence. The district court denied the petition, and we affirm.

On April 26, 2001, while serving federal sentences, Fisher escaped from federal prison. Two days later Arizona police officers arrested him for his involvement in a hit-and-run accident and assault on a state officer. The next month, while Fisher was in pretrial custody awaiting state charges for criminal damage and aggravated assault, the United States Attorney's Office for the Eastern District of Arkansas filed a complaint against Fisher for his escape from prison. Soon thereafter federal authorities indicted Fisher and issued a warrant for his arrest.

Five months later, in October 2001, federal authorities issued a writ of habeas corpus ad prosequendum to secure Fisher's presence in the Eastern District of Arkansas. That month, the United States Marshals Service took physical custody of Fisher pursuant to the writ. After his arraignment in federal court, Fisher was eventually transferred to the Federal Correction Institution in Forest City, Arkansas, a facility controlled by the Bureau of Prisons, on December 6.

At that time, upon receiving Fisher pursuant to the writ, the BOP mistakenly classified Fisher as a "designated" inmate, which he now interprets as Arizona's relinquishment of jurisdiction to the federal government. But after realizing its clerical error on December 18, the BOP administratively recharacterized him as a "holdover, temporarily housed" inmate. He stayed there until a year later, when in December 2002, the District Court for the Eastern District of Arkansas sentenced Fisher to 60 months' imprisonment for his escape from a federal prison. Fisher's writ of habeas corpus ad prosequendum was released three days later, and the federal marshals returned him to the state of Arizona.

Eighth months later, on August 26, 2003, having pleaded guilty to the state charges, the state judge sentenced Fisher to six years' imprisonment for criminal damage and aggravated assault. The state judge gave Fisher 850 days' credit for time "already served" (April 28, 2001—the date of his arrest—until August 26, 2003). After sentencing, various state officials contacted the federal marshals service to request that it transport Fisher to federal custody so he could serve his state and federal sentences concurrently in federal prison. Federal authorities did not respond to any of these requests. Rather, they waited to take custody of him until his state sentence expired on June 19, 2006, and refused to credit him with the time he served in state custody. Fisher has a projected release date from federal prison of January 17, 2012.

Fisher filed this petition under § 2241, challenging the denial of credit for the time that he spent in state confinement. In denying the petition, the district court noted that the

federal government lost physical custody of Fisher when he escaped and that Arizona obtained primary jurisdiction over him when he was arrested for the hit-and-run and assault. It concluded that the federal authorities' use of the writ of habeas corpus ad prosequendum showed that Arizona retained continuing jurisdiction over Fisher from the time of his arrest until release from state prison. Fisher was essentially "on loan" to the federal authorities, the court reasoned, and Arizona never relinquished its jurisdiction.

On appeal, Fisher raises two issues. First, he argues that the federal authorities took custody of him on either April 28, 2001 (when Arizona police arrested him) or December 6, 2001 (when he was first housed in the Forest City Federal Correction Institution under the writ of habeas corpus ad prosequendum). Thus, he concludes, his federal sentence should run from one of those two dates. To support these arguments, he points to an Arizona police officer's comment that he was "being taken into custody on the Federal Warrant" and to the BOP's classification of him as a "designated" federal inmate on December 6, 2001. Second, Fisher contends that, even if Arizona never relinquished custody of him, he is entitled to credit on his federal sentence for the time served in state custody because the state judge requested that his sentence be "served concurrently with the Federal Court sentence." Our review of the district court's decision is de novo. *Virsnieks v. Smith*, 521 F.3d 707, 713 (7th Cir. 2008).

Despite the Arizona officer's comments, the record shows that Arizona police took Fisher into state custody under an Arizona arrest warrant charging aggravated assault, resisting arrest, failing to produce identification, endangerment, theft of a motor vehicle, reckless driving, and false information—not on the federal escape charge. Arizona therefore obtained primary jurisdiction over Fisher when he was arrested on April 26, 2001. *See Binford v. United States*, 436 F.3d 1252, 1255 (10th Cir. 2006); *United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005).

Arizona also did not relinquish its primary jurisdiction over Fisher after it "loaned" him to the federal government under the writ of habeas corpus ad prosequendum. *See Flick v. Bevins*, 887 F.2d 778, 781-82 (7th Cir. 1989); *Cole*, 416 F.3d at 896-97. A federal writ of habeas corpus ad prosequendum enables a federal authority to take temporary custody of a prisoner, without acquiring jurisdiction, for indictment, prosecution, and sentencing of the prisoner. *Jake v. Herschberger*, 173 F.3d 1059, 1062 n.1 (7th Cir. 1999); *Flick*, 887 F.2d at 781. The sending state "retains full jurisdiction over the prisoner since the prisoner is only 'on loan' to the prosecuting jurisdiction." *Flick*, 887 F.2d at 781; *see also Cole*, 416 F.3d at 896-97; *Sinito v. Kindt*, 954 F.2d 467, 469 (7th Cir. 1992).

Here, the federal government issued such a writ, and after the federal indictment, prosecution, and sentencing, returned Fisher to the state of Arizona where he continued to

be held in detention on the state charges. Fisher thus remained in the legal custody (and under the primary jurisdiction) of the state of Arizona throughout the period in question. And contrary to Fisher's assertions, the BOP's misclassification of him as a "designated" inmate, which the BOP recognized and corrected twelve days later, did not strip Arizona of its jurisdiction over him—only the sending authority (Arizona, in this case) can relinquish primary jurisdiction. *See Cole*, 416 F.3d at 897 ("Primary jurisdiction continues until the first sovereign relinquishes its priority in some way.").

As for Fisher's second argument, the federal government has no legal obligation to follow a state judge's recommendation that a state sentence be served concurrent to a federal sentence. *See, e.g.*, *Herschberger*, 173 F.3d at 1066 ("The state court's designation of [appellant's] state sentence as concurrent with his prior federal sentence created no obligation . . . to provide him with credit for time served in the state prison."); *Leal v. Tombone*, 341 F.3d 427, 428-29 (5th Cir. 2003). Likewise, federal authorities have no obligation to accept a prisoner so tendered. *Herschberger*, 173 F.3d at 1066; *Tombone*, 341 F.3d at 428-29.

Accordingly, we AFFIRM the district court.