**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 21, 2009

Charles R. Fulbruge III
Clerk

No. 08-41310
Summary Calendar

ANDRE RAYMOND REESCANO,

Petitioner-Appellant

v.

UNITED STATES OF AMERICA,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:07-CV-308

Before BENAVIDES, PRADO and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Andre Raymond Reescano, federal prisoner # 07139-078, was convicted of robbery and firearm crimes and sentenced to 111 months of imprisonment. He was subsequently sentenced to nine years of imprisonment on state charges that he says arose from the same conduct as his federal charges. The state court ordered the state sentence to run concurrently with the federal sentence.

Reescano filed an action that was partly a 28 U.S.C. § 2255 motion and partly a petition under 28 U.S.C. § 2241. Pursuant to § 2255, Reescano

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

challenged the district court's failure to order his federal sentence to run concurrently with the not-yet-imposed state sentence under U.S.S.G. § 5G1.3(b). He also contended that his counsel was ineffective for failing to request that the federal sentence run concurrently with the state sentence. Pursuant to § 2241, Reescano contended that the Bureau of Prisons (BOP) improperly failed to give him credit for time served on his state sentence. The district court dismissed the § 2255 motion as untimely and denied a certificate of appealability (COA). The court declined to recognize the § 2241 claims. Reescano now seeks a COA in this court.

We deny a COA because Reescano has failed to show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Houser v. Dretke*, 395 F.3d 560, 562 (5th Cir. 2004).

The district court erred by failing to note that Reescano's claims against the BOP arose under § 2241 because they challenged the execution of his sentence and not its imposition. *See United States v. Tubwell*, 37 F.3d 175, 177 (5th Cir. 1994) (construing as a § 2241 petition prisoner's claim that his federal sentence should be served concurrently with a state sentence). No COA is required as to the § 2241 claims, *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001), and we may affirm the dismissal of those claims for any valid and apparent reason. *See United States v. Tello*, 9 F.3d 1119, 1128 (5th Cir. 1993). Accordingly, we affirm the dismissal of the § 2241 claims because federal authorities are not bound by state court orders for concurrent sentences; nor are they required to accept custody of state prisoners prior to the completion of their state sentences. *See Leal v. Tombone*, 341 F.3d 427, 427-30 (5th Cir. 2003).

JUDGMENT AFFIRMED IN PART; COA DENIED.