# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 29, 2011

Lyle W. Cayce
Clerk

No. 10-20787
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSE LUIS TRINIDAD GOMEZ, also known as Josue Virgilio Verdugo, also known as Jose Luis Trinidad-Gomez, also known as Luis Gomez, also known as Jose Luis Gomez,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CR-489-1

Before BARKSDALE, STEWART, and PRADO, Circuit Judges.

PER CURIAM:*

Jose Luis Trinidad Gomez appeals his 96-month sentence, following his guilty-plea conviction for illegal reentry into the United States. He contends the district court: procedurally erred by relying on clearly erroneous facts to deny his request for a lesser sentence; and erred by denying, as untimely, his motion for credit for time spent in immigration custody.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Although post-*Booker*, 543 U.S. 220 (2005), the Sentencing Guidelines are advisory only, and an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory Guidelines sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 46-51 (2007). In that respect, its application of the Guidelines is reviewed *de novo*; its findings of fact, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). Our court first examines whether the district court committed any significant procedural error. *Gall*, 552 U.S. at 51. If the district court's decision is procedurally sound, our court will then "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard". *Id.* Gomez does not claim his sentence is substantively unreasonable.

Regarding Gomez' contention that the district court committed procedural error, he is correct that the court initially relied on facts from the wrong paragraph of the presentence investigation report to explain its denial of his request for a lesser sentence. After counsel pointed out the error, however, the court corrected itself by providing sufficient reasons, for denying the request and for selecting Gomez' sentence, that were not based on erroneous facts. Accordingly, Gomez has not shown that the district court relied on clearly-erroneous facts. Therefore, the court did not abuse its discretion.

We need not address Gomez' contention that the court erred by denying as untimely his motion for credit for time spent in immigration custody. Instead, we affirm the court's denial on an alternate ground: the court was not authorized to grant such credit. *See United States v. Wilson*, 503 U.S. 329, 335 (1992) (although defendant is entitled to credit for time spent in "official detention" prior to being received in federal custody, it is the Attorney General after sentencing, not the court, who is authorized to compute such credit); *Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003) ("The Attorney General, through the Bureau of Prisons . . . , determines what credit, if any, will be awarded to

prisoners for time spent in custody prior to the commencement of their federal sentences." (citation omitted)); *Emery v. Johnson,* 139 F.3d 191, 195 (5th Cir. 1997) (our court may affirm judgment on any ground supported by record).

AFFIRMED.