# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 21, 2011

Lyle W. Cayce
Clerk

No. 11-50728
Summary Calendar

PETER F. PAUL,

Petitioner-Appellant

v.

WARDEN M. TRAVIS BRAGG,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CV-470

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Peter F. Paul, federal prisoner # 78802-012, moves this court for expedited consideration of his appeal and release pending appeal of the dismissal of his 28 U.S.C. § 2241 petition. In his § 2241 petition, Paul challenged the Bureau of Prisons's (BOP) sentence calculation. The district court dismissed the § 2241 petition on the grounds that Paul was not statutorily eligible under 18 U.S.C. § 3585(b) for credit for the time he spent in home confinement and there was no

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence that the Government had agreed at sentencing that Paul was entitled to credit towards his sentence for the time he spent in home confinement.

The evidence Paul points to shows only that the Government agreed not to oppose defense counsel's request for a sentence to time served, 96 months, comprised of all the time Paul spent in jail and home confinement; this did not amount to an agreement to give him a post-sentence credit of 96 months. Because Paul's claims are premised on the existence of such an agreement, they are without merit.

Any claim that the BOP erred by refusing to give him credit for the time he spent in home confinement because it based its refusal on the sentencing court's decision to deny him credit is without merit as well. Even though the sentencing court's judgment as to the propriety of the credit was not binding on the BOP, *see United States v. Wilson*, 503 U.S. 329, 333-35 (1992); *Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003), Paul was not statutorily eligible for credit for the time he spent in home confinement. *See* § 3585(b); *Reno v. Koray*, 515 U.S. 50, 58-65 (1995). Therefore, the BOP did not err by refusing to give him credit for that time.

This appeal is frivolous and without merit. Accordingly, we DISPENSE with further briefing and DISMISS the appeal as frivolous. *See* 5TH CIR. R. 42.2. Paul's motions are DENIED.