# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-41001
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 30, 2014

Lyle W. Cayce
Clerk

RAYMOND C. POTOSKI,

Petitioner-Appellant

v.

JOHN B. FOX,

Respondent-Appellee

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 1:11-CV-539

Before KING, JOLLY, and HAYNES, Circuit Judges

PER CURIAM:[*]

Raymond C. Potoski, federal prisoner # 72713-083, appeals the district court's denial of his 28 U.S.C. § 2241 petition, challenging the Bureau of Prison's (BOP) calculation of his 84-month sentence for his 2008 arson conviction. He renews his assertion that he is entitled to credit toward his federal sentence for all of the time he spent in pretrial detention and state custody.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-41001

The undisputed facts show that Potoski received credit toward his state sentence for the time he spent in state and federal pretrial custody. The BOP thus properly denied crediting the same time toward his federal sentence. *See* 18 U.S.C. § 3585(b); *see also Leal v. Tombone*, 341 F.3d 427, 430 (5th Cir. 2003). The federal district court had the discretion to order Potoski's federal sentence to run consecutively to his then-anticipated state sentence, and the BOP correctly presumed from the district court's not specifying a concurrent sentence that it intended to impose a consecutive sentence. *See* 18 U.S.C. § 3584(a); *Setser v. United States*, 132 S. Ct. 1463, 1466-73 (2012). The state court's designation that Potoski's state sentence was to run concurrently with the federal sentence did not have any bearing on the district court's judgment and is irrelevant to the BOP's computation. *See Leal*, 341 F.3d at 428-29 & n.13. Similarly, because the federal judgment did not specify concurrent sentences, *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971), is inapplicable. Moreover, Potoski has not demonstrated that the district court abused its discretion in declining to make a nunc pro tunc designation of his state prison as the place at which his federal sentence was being served given the federal sentencing judge's strong opposition to such designation. *See* 18 U.S.C. § 3621(b).

Accordingly, the district court's judgment is AFFIRMED.