# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10774
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 7, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARIO ENRIQUE BARRERA ALAS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:14-CR-2-1

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Mario Enrique Barrera Alas pled guilty to illegal presence in the United States following deportation and was sentenced within the guidelines range to 87 months of imprisonment. He seeks to appeal his sentence.

Alas argues that the district court erred by not reducing his sentence to account for the time that he was in immigration custody. He maintains that the district court's failure to adjust his sentence rendered it procedurally and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10774

substantively unreasonable.  Because Alas has not shown any error, we need not decide whether he adequately preserved his argument in the district court. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

While a defendant is to be given credit toward his federal sentence for time spent in official detention before being received into federal custody that has not been credited against another sentence under 18 U.S.C. § 3585(b), a district court is not authorized to compute service credit under § 3585.  *United States v. Wilson*, 503 U.S. 329, 335 (1992); *Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003).  Rather, the Attorney General, through the Bureau of Prisons (BOP), determines what credit, if any, is awarded to prisoners.  *Wilson*, 503 U.S. at 335; *Leal*, 341 F.3d at 428.  Thus, the district court did not err by refusing Alas credit for the time that he was in immigration custody.  He has not shown that our holding in *United States v. Barrera-Saucedo*, 385 F.3d 533, 537 (5th Cir. 2004), or U.S.S.G. § 5G1.3 provide a basis for a district court to award the requested credit.  To the extent that Alas seeks to contest whether the BOP will award credit for his time in immigration custody, he has not established that he is entitled to judicial review of the issue because he has not alleged or shown that he has exhausted his administrative remedies on that claim.  *See United States v. Setser*, 607 F.3d 128, 132-33 (5th Cir. 2010).

Finally, to the extent that Alas argues that his sentence is substantively unreasonable because the district court refused to award credit for his time in immigration custody, his argument lacks merit.  The district court considered Alas's arguments for sentencing leniency, including, inter alia, his request for a reduced sentence in light of the time that he was in immigration custody, and found that a within-guidelines sentence was warranted in light of specific 18 U.S.C. § 3553(a) factors.  His disagreement with the weight that the district court gave to mitigating factors does not justify reversal, and he has shown no

No. 14-10774

other reason for this court to disturb the presumption of reasonableness that applies to his sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

Accordingly, the district court's judgment is AFFIRMED.