# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10214
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 15, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAYMUNDO MARTINEZ-VACA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CR-203-1

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Raymundo Martinez-Vaca appeals the sentence imposed on his guilty plea conviction of being illegally present in the United States following removal. He contends that his 27-month sentence of imprisonment, which was within the advisory guidelines range, is substantively unreasonable because the district court refused to adjust his sentence to account for the 27 days he spent in immigration custody. Martinez-Vaca argues that an unwarranted

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentencing disparity results, contrary to 18 U.S.C. § 3553(a)(6), because defendants in illegal reentry cases, unlike other criminal defendants, are not granted credit for all of the time they spend in official detention.

Generally, we review sentences for reasonableness, under an abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The Government contends that plain error review applies because Martinez-Vaca did not object to the district court's denial of his request for a downward variance and because he did not object to his sentence after it was announced. We need not decide whether Martinez-Vaca preserved the issue for appellate review because he is not entitled to relief on his substantive-reasonableness challenge no matter the standard of review. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

Where, as here, the district court imposes a sentence within a properly calculated guidelines range, the sentence is presumptively reasonable. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). This presumption "is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *Id.*

A defendant is given credit toward his federal sentence for time spent in official detention before being received into federal custody that has not been credited against another sentence. *See* 18 U.S.C. § 3585(b). However, a district court is not authorized to decide the amount of credit that a defendant receives. *United States v. Wilson*, 503 U.S. 329, 335 (1992); *Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003). Rather, the Attorney General, through the Bureau of Prisons, determines what credit, if any, is awarded to prisoners for time spent

No. 17-10214

in custody prior to the commencement of their federal sentences. *Leal*, 341 F.3d at 428.

In determining the particular sentence to be imposed, district courts are required to consider several factors, including "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." § 3553(a)(6). However, "avoiding unwarranted general sentencing disparities is not a factor that [is granted] significant weight where the sentence is within the Guidelines range." *United States v. Diaz*, 637 F.3d 592, 604 (5th Cir. 2011). The record reflects that the district court considered Martinez-Vaca's arguments for sentencing leniency, including, *inter alia*, his request for a reduced sentence in light of the time that he was in immigration custody, and determined that a within-guidelines sentence was merited in light of specific factors listed in § 3553(a). Martinez-Vaca's mere disagreement with the weight that the district court gave the sentencing factors does not justify reversal, and he has shown no other reason for this court to disturb the presumption of reasonableness that applies to his sentence. *See Gall*, 552 U.S. at 51.

AFFIRMED.