# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-11273
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 25, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDGAR BERNAL-GLORIA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-80-1

Before REAVLEY, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

    Edgar Bernal-Gloria appeals the sentence imposed following his guilty plea conviction for illegal reentry.  He contends that his 21-month sentence of imprisonment, which was above the advisory guidelines range, is substantively unreasonable because the district court refused to adjust his sentence to account for the time he spent in immigration custody.  Bernal-Gloria argues that an unwarranted sentencing disparity results, contrary to 18 U.S.C.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 3553(a)(6), because defendants in illegal reentry cases, unlike other criminal defendants, are not granted credit for all of the time they spend in official detention.

Generally, we review sentences for reasonableness, under an abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The Government contends that plain error review applies because Bernal-Gloria did not raise in the district court the precise argument he raises here. We need not decide whether Bernal-Gloria preserved the issue for appellate review because he is not entitled to relief on his substantive-reasonableness challenge regardless of the standard of review. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

A defendant is given credit toward his federal sentence for time spent in official detention before being received into federal custody that has not been credited against another sentence. *See* 18 U.S.C. § 3585(b). However, a district court is not authorized to decide the amount of credit that a defendant receives. *United States v. Wilson*, 503 U.S. 329, 335 (1992); *Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003). Rather, the Attorney General, through the Bureau of Prisons, determines what credit, if any, is awarded to prisoners for time spent in custody prior to the commencement of their federal sentences. *Leal*, 341 F.3d at 428.

Bernal-Gloria has not shown that his above-guidelines sentence "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). The record reflects that the district court considered Bernal-Gloria's arguments for sentencing leniency, including his request for a reduced sentence in light of the time that he was in immigration

custody, and determined that an above-guidelines sentence was merited in light of the factors listed in § 3553(a); the district court was specifically troubled by Bernal-Gloria's numerous illegal reentries and other prior criminal convictions and relied on this conduct when imposing a sentence above the guidelines range. His mere disagreement with the weight that the district court gave the sentencing factors does not justify reversal of his sentence. *See Gall*, 552 U.S. at 51.

AFFIRMED.