

# NUMBER 13-21-00036-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**KEVIN DALE WOODROME,**                                                        **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                        **Appellee.**

---

## On appeal from the 36th District Court
## of Aransas County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria**
**Memorandum Opinion by Chief Justice Contreras**

Appellant Kevin Dale Woodrome appeals the trial court's judgment revoking his community supervision for aggravated assault and sentencing him to ten years' imprisonment in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ). *See* TEX. PENAL CODE ANN. § 22.02. By two issues, Woodrome argues that (1) the trial court erred by failing to clearly indicate whether his state sentence of

imprisonment runs concurrently with or consecutively to his federal sentence, and (2) the trial court's imposition of a ten-year sentence constituted an abuse of discretion. We affirm the judgment as modified.

## I.    BACKGROUND[1]

In 2012, Woodrome pleaded guilty to the offense of aggravated assault, a second-degree felony. *See id.* On June 28, 2012, the trial court deferred adjudication without an entry of judgment of guilt and placed Woodrome on ten years' community supervision, subject to certain terms and conditions. One relevant condition required Woodrome to "[n]either commit nor be convicted of any offense against the Laws of the State of Texas, any other State, or of the United States of America."

On July 6, 2019, Woodrome was arrested in Aransas County on various drug charges, and the case was transferred to federal court.[2] On July 16, 2019, Woodrome was transferred into federal custody. On July 24, 2019, the State filed its motion to adjudicate Woodrome's 2012 aggravated assault charge, alleging that, among other things, Woodrome, in violation of the conditions of his community supervision: (1) "intentionally and knowingly possess[ed] a controlled substance listed in Penalty Group I, to wit: methamphetamine"; and (2) "intentionally and knowingly possess[ed] and use[d] a controlled substance not prescribed by a licensed physician, to wit: methamphetamine."[3]

---

[1] Appellee the State of Texas has not filed a brief to assist us in the resolution of this appeal.

[2] In his brief on appeal, Woodrome lists the federal cause number as "2: 19CR01185-001." The record contains no additional information or documentation related to his federal case.

[3] The State had filed two previous motions to adjudicate Woodrome's 2012 aggravated assault

As noted in his brief on appeal, on October 30, 2019, Woodrome pleaded guilty in federal court and was convicted of possession with intent to distribute methamphetamine. According to Woodrome, on September 10, 2020, the federal court sentenced him to seventy-two months' confinement in the Federal Bureau of Prisons, "to participate in the 500[-]hour Residential drug Abuse program," and, upon completion of his term of imprisonment, to serve a term of five years' supervised release.

In December 2020, pursuant to a writ of habeas corpus *ad prosequendum*,[4] Woodrome was transferred back to Aransas County for his adjudication proceeding on the State's July 24, 2019 motion. In exchange for Woodrome's "plea of true to the allegation[s] set forth in the motion to adjudicate, the State recommend[ed]," *inter alia*, "that [Woodrome] receive five years in [the] TDCJ." On January 13, 2021, after hearing arguments and evidence on the State's motion, the trial court sentenced Woodrome to ten years' imprisonment in the TDCJ.[5] This appeal followed.

## II. CONCURRENT SENTENCES

Woodrome's first issue stems from an alleged lack of clarity in the trial court's judgment. Woodrome highlights on appeal that his state sentence does not indicate whether it is intended to run concurrently with or consecutively to his federal sentence. Under the block noting that "this sentence shall run," the trial court's judgment specifies

---

charge. The first, filed in 2016, was dismissed. The second, filed in 2018, resulted in Woodrome being continued on community supervision.

[4] *See Habeas Corpus*, BLACK'S LAW DICTIONARY (11th ed. 2019) (defining "*habeas corpus ad prosequendum*" as "[a] writ used in criminal cases to bring before a court a prisoner to be tried on charges other than those for which the prisoner is currently being confined").

[5] As of the date of this memorandum opinion, the TDCJ's online prisoner locater indicates that Woodrome remains imprisoned in the TDCJ's Dominguez Unit in San Antonio, Texas.

"N/A." Woodrome argues that he "is entitled to have his state sentence of imprisonment run concurrent[ly] with the federal sentence he was serving at the time he was returned to face adjudication proceedings" in Aransas County. Relatedly, Woodrome argues that a "mystery" surrounds where and in which order he is to serve his sentences.

Under the circumstances of this case, the issue of whether Woodrome's state and federal sentences are to run concurrently or consecutively is ultimately a matter of whether one sentencing jurisdiction gives Woodrome credit for time served in the other jurisdiction.

"In our American system of dual sovereignty, each sovereign—whether the Federal Government or a State—is responsible for 'the administration of [its own] criminal justice syste[m].'" *Setser v. United States*, 566 U.S. 231, 241 (2012) (quoting *Oregon v. Ice*, 555 U.S. 160, 170 (2009)); *see Ponzi v. Fessenden*, 258 U.S. 254, 259 (1922). "[U]nder the dual sovereignty doctrine, a criminal defendant [may] owe[] a debt to two (or more) separate sovereigns, each of which may exact payment independently of the other." *Taylor v. Sawyer*, 284 F.3d 1143, 1151 (9th Cir. 2002), *abrogated on other grounds in Setser*, 566 U.S. at 231. Thus, only the federal government has the "power to set punishment for crimes against the federal sovereign." *Id.* "If a state court were allowed to force a federal court to run its federal sentence concurrent to a state sentence, the state would clearly be encroaching on the federal court's right to 'exact payment independent of' the state." *Id.* Accordingly, while a state court may order its sentence to run concurrently with a federal sentence in a related case, the federal court is under no obligation to follow the state court's order. *See Leal v. Tombone*, 341 F.3d 427, 429 n.13 (5th Cir. 2003). Federal courts consider "concurrent sentences imposed by state judges

[to be] nothing more than recommendations to federal officials." *Id.* (quoting *Taylor*, 284 F.3d at 1150).

In Texas, "where a court does not order that two or more sentences in different prosecutions run consecutively, then they run concurrently." *Ex parte Knipp*, 236 S.W.3d 214, 215 n.2 (Tex. Crim. App. 2007); *see also* TEX. CODE CRIM. PROC. ANN. art. 42.08(a). Accordingly, we grant Woodrome's first issue in part, and we modify the judgment to explicitly provide that Woodrome's state sentence shall run concurrently with his federal sentence. *See* TEX. R. APP. P. 43.2(b) (permitting a court of appeals to modify the trial court's judgment). Woodrome will therefore receive credit against his state sentence for any time he has served or will serve in federal custody as a result of his federal conviction.

However, we have no authority or jurisdiction to compel the federal court to credit Woodrome's time served in state custody against his federal sentence. *See Leal*, 341 F.3d at 429 n.13; *Taylor*, 284 F.3d at 1151; *see also United States v. Cibrian*, No. 09-40048, 2010 WL 1141676, *6 (5th Cir. Mar. 24, 2010) (unpublished). Woodrome may petition the federal court or seek clarification from the Federal Bureau of Prisons or the State as to whether he will receive credit against his federal sentence for time served in state custody. We overrule the remainder of Woodrome's first issue.

### III.    REVOCATION OF COMMUNITY SUPERVISION

By his second issue, Woodrome argues that the trial court abused its discretion by revoking his community supervision and sentencing him to ten years' imprisonment in the TDCJ, rather than five years as recommended by the State.

We review an order revoking community supervision for abuse of discretion. *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). To revoke a defendant's

community supervision, the State need only prove a violation of a term of community supervision by a preponderance of the evidence. *See Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013). Preponderance of the evidence means "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation." *Id.* A single proven violation is all that is needed to affirm a trial court's order revoking a defendant's community supervision. *See Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009).

In this case, Woodrome pleaded true to the allegations that he violated the terms of his community supervision. Thus, the trial court did not abuse its discretion by revoking his community supervision. *See Hacker*, 389 S.W.3d at 865.

Woodrome argues, however, that the trial court erred by sentencing him to ten years' imprisonment instead of the five years recommended by the State. But Woodrome was convicted of aggravated assault, a second-degree felony punishable by imprisonment in the TDCJ "for any term of not more than 20 years or less than 2 years." TEX. PENAL CODE ANN. § 12.33(a); *see id.* § 22.02. And, generally, a trial court does not abuse its discretion by sentencing a defendant within the relevant statutory limits. *See Ex parte Broadway*, 301 S.W.3d 694, 699 n.10 (Tex. Crim. App. 2009) ("[R]egardless of whether the deferred adjudication was part of a plea bargain, recommended by the prosecution, imposed by the trial court without objection by the appellant, or granted under other circumstances, once the trial court proceeds to adjudication, it is restricted in the sentence it imposes only by the relevant statutory limits."). In this case, the trial court sentenced Woodrome to ten years' imprisonment, well within the two-to-twenty-year sentencing guidelines. TEX. PEN. CODE ANN. § 12.33(a); *see id.* § 22.02.

Within his argument concerning sentence length, Woodrome also argues that his due process rights were violated given that: (1) neither Woodrome nor his attorney were physically present in the courtroom because the hearing was held via Zoom; (2) Woodrome "was not specifically advised by the court of his right to an 'in person' proceeding"; (3) Woodrome's probation officer's mitigating testimony was negatively affected by his inability to visit Woodrome in state custody; and (4) the trial judge "arbitrarily refused to consider the entire punishment range when assessing [Woodrome's] sentence."

"A trial court's arbitrary refusal to consider the entire range of punishment in a particular case violates due process." *Ex parte Brown*, 158 S.W.3d 449, 454 (Tex. Crim. App. 2005); *see Teixeira v. State*, 89 S.W.3d 190, 192 (Tex. App.—Texarkana 2002, pet. ref'd). But such a due process complaint, like other constitutional complaints, "is not preserved for error unless a timely objection is raised." *Teixeira*, 89 S.W.3d at 192; *see Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008) ("[A]lmost all error—even constitutional error—may be forfeited if the appellant failed to object."); *In re M.J.M.L.*, 31 S.W.3d 347, 352 (Tex. App.—San Antonio 2000, pet. denied) ("Constitutional issues must be properly raised in the trial court or they are waived on appeal."); *see also* TEX. R. APP. P. 33.1(a).

In this case, Woodrome does not point us to any location in the record, and we find none, where he raised any due process complaint with the trial court. The trial court imposed Woodrome's sentence without any objections, and Woodrome did not file any post-trial motions to object to his sentence. In other words, the record reflects that Woodrome raises his due process claims for the first time on appeal. We thus conclude

that Woodrome failed to preserve his due process arguments for our review.[6] *See* TEX. R. APP. P. 33.1(a).

We overrule Woodrome's second issue.

### IV.   CONCLUSION

We modify the trial court's judgment to indicate that Woodrome's sentence shall run concurrently with his federal sentence, and we affirm the trial court's judgment as modified.

DORI CONTRERAS
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
17th day of February, 2022.

---

[6] Woodrome cites *Ex parte Brown* only for the proposition that a trial court may not arbitrarily refuse to consider the entire punishment range when assessing a sentence. In *Brown*, the court of criminal appeals held that, under the specific facts of that case, a complaint concerning the trial court's predetermination of a sentence without reference to any evidence was a violation that could be raised for the first time by writ of habeas corpus. 158 S.W.3d 449, 456 (Tex. Crim. App. 2005) (per curiam). For purposes of thoroughness, we note that we find nothing in the record in this case indicating that the trial court did not consider the full range of punishment or predetermined Woodrome's sentence. Indeed, as even Woodrome notes in his brief on appeal, the trial court considered: (1) "defendant's participation in a court-ordered . . . Batterer's Intervention Program," (2) "the thrice recommended plea for a 5-year sentence from the state," (3) the "testimony of the probation officer," (4) and "testimony of the defendant seeking drug treatment in the federal system." The record reflects that the trial court also: (1) asked for and reviewed the pre-sentence report, (2) heard testimony that the State's recommended sentence was "a little on the light end," (3) listened to the evidence presented, and (4) asked assorted questions of Woodrome. Accordingly, an objection at trial was necessary to preserve for appeal Woodrome's argument that the trial court failed to consider the full range of punishment. *See* TEX. R. APP. P. 33.1(a).